■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TENNARD MORRISON, Appellant.—Judgment, Supreme Court, New York County, rendered on September 25, 1974, unanimously affirmed. The case is remitted to the Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (subd 5). No opinion. Concur—Murphy, P. J., Birns, Silverman, Evans and Markewich, JJ.

■ UNITED FEDERATION OF TEACHERS WELFARE FUND et al., Petitioners, v STATE HUMAN RIGHTS APPEAL BOARD et al., Respondents, and PAULA FOSTER, Intervenor-Respondent.—Determination of respondent, the State Human Rights Appeal Board, dated February 21, 1978, unanimously confirmed, the petition dismissed, the cross motion to enforce said determination granted subject to a 3% interest rate against the New York City Board of Education only, and the cross motion for leave to intervene granted, without costs and without disbursements. No opinion. Concur—Birns, J. P., Evans, Lane, Yesawich and Sandler, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY HARRELL, Appellant.—Judgment, Supreme Court, New York County, rendered on January 12, 1977, unanimously affirmed. The case is remitted to the Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (subd 5). No opinion. Concur—Kupferman, J. P., Lupiano, Fein and Lane, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DELORES TAIT, Appellant.—Judgment, Supreme Court, New York County, rendered on May 13, 1974, unanimously affirmed. The stay suspending payment of the fine dated December 12, 1974, is vacated. No opinion. Concur—Kupferman, J. P., Lupiano, Fein, Lane and Sandler, JJ.

■ In the Matter of YUM YUM HOT DOGS, INC., Respondent, v CITY OF NEW YORK et al., Appellants.—Judgment, Supreme Court, New York County, entered October 3, 1977 in an article 78 proceeding, annulling respondent's termination on August 24, 1977, of a contract entered into between the petitioner and the City of New York dated May 19, 1977, and denying respondent's cross motion to dismiss the petition, unanimously affirmed, without costs and without disbursements. We are in agreement with the central finding of the court at Special Term that the city clearly violated its contractual agreement when it terminated the permit previously granted petitioner, in exchange for valuable consideration, without giving the 30 days' notice explicitly required by paragraph 19 of the agreement, and that this violation under all the circumstances was arbitrary. By this affirmance we intimate no view whatever with regard to any legal issues that might arise if the city, if of the view that appropriate grounds exist, should undertake to terminate the agreement in compliance with its provisions. Concur—Silverman, J. P., Fein, Lane, Yesawich and Sandler, JJ.